**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION**

**JOSE MARTINEZ AND GUILLERMINA MARTINEZ,**

**Plaintiffs,**

**v.**

**WILEY SANDERS TRUCK LINES, INC., AND LISA M. PAPIANNI, Individually, and Fictitious Defendants "A", "B", "C", "D", "E" and "F" persons, corporations, firms or other entities whose wrongful conduct caused the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be added by amendment when ascertained;**

**Defendants.**

§ § § § § § § § § § § § § § § § § § § §

**CASE NO.** 2:08-cv-137-WKW

**(JURY REQUESTED)**

RECEIVED
2008 FEB 25 P 6:20
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Jose Martinez and Guillermina Martinez, hereinafter called Plaintiffs, aver and complain as follows against Defendants, Wiley Sanders Truck Lines, Inc., Lisa M. Papianni, and Fictitious Defendants, "A", "B", "C", "D", "E", and "F", whether singular or plural, are those other persons, corporations, firms or entities whose wrongful conduct caused the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be added by amendment when ascertained, hereinafter called Defendants, and for cause of action show unto the Court the following:

## INTRODUCTION

1. Plaintiffs, Jose Martinez and Guillermina Martinez, seek damages from Defendants, Wiley Sanders Truck Lines, Inc. (hereinafter, "Wiley Sanders"), Lisa Pappiani (hereinafter, "Papianni"), a driver for Wiley Sanders, and Fictitious Defendants, "A", "B", "C", "D", "E", "F" (hereinafter, "Fictitious Defendants") as a result of a motor vehicle accident. As a result of this accident, Plaintiff Jose Martinez sustained serious injuries and permanent impairment.

## PARTIES AND SERVICE

2. Plaintiffs, Jose and Guillermina Martinez, are married individuals residing together at 206 Humble Avenue, Longview, Gregg County, Texas.

3. Defendant Wiley Sanders Truck Lines, Inc., an Alabama Corporation, may be served at its principal place of business at 100 Sanders Road, Troy, Pike County, Alabama.

4. Defendant Lisa M. Papianni, an Individual who is a resident of Alabama, may be served with process at her home at the following address: 40 Cottonhill Road #12, Eufaula, Barbour County, Alabama. Service of said Defendant as described above can be effected by personal delivery.

5. Fictitious Defendants, "A", "B", "C", "D", "E", and "F", whether singular or plural, are those other persons, corporations, firms or entities whose wrongful conduct caused the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be added by amendment when ascertained.

**JURISDICTION AND VENUE**

6. The subject matter in controversy is within the jurisdictional limits of this Court.

7. This Court has diversity jurisdiction over this dispute, as Plaintiffs are Texas residents and Defendants are residents of Alabama. The subject matter in controversy is in excess of $75,000.00.

8. This Court has personal jurisdiction over all defendants, as they reside in or do business in this district.

9. Venue lies in the Middle District of Alabama – Montgomery Division pursuant to 28 U.S.C. §1391(b). All defendants reside in or do business in this district.

**FACTS COMMON TO ALL COUNTS**

10. On February 25, 2006, Plaintiff, Jose Martinez was driving westbound on I-20 in the outside lane. Defendant, Papianni, was driving a tractor / trailer owned and operated by Defendant, Wiley Sanders, in the inside lane, also westbound on I-20. Defendant, Papianni, took faulty evasive action into Plaintiff's lane, forcing Plaintiff to swerve onto the shoulder and into the ditch in order to avoid a collision with Defendant's tractor trailer.

11. Plaintiff's automobile traveled approximately 160 feet in the ditch and impacted a small tree with its front right, then continued straight and impacted a second tree with its right center. This impact caused Plaintiff's automobile to rotate clockwise approximately 180 degrees. Plaintiff's automobile traveled approximately 38 feet from the second impact, and came to a rest facing east.

**PLAINTIFFS' FIRST CLAIM FOR RELIEF AGAINST LISA M. PAPIANNI**

12. Defendant, Lisa M. Papianni, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

13. Plaintiff's injuries were proximately caused by Defendant, Lisa M. Papianni's, negligent, careless and reckless disregard of said duty.

14. The negligent, careless and reckless disregard of duty of Defendant, Lisa M. Papianni, consisted of, but is not limited to, the following negligent acts and omissions:

A. In that Defendant, Lisa M. Papianni, failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B. In that Defendant, Lisa M. Papianni, crossed the centerline into Plaintiff's lane forcing him off the road in a manner inconsistent with what a person of prudent care would have done;

C. In that Defendant, Lisa M. Papianni, failed to turn her motor vehicle in an effort to avoid the collision complained of;

D. In that Defendant, Lisa M. Papianni, operated her vehicle in Plaintiff's lane of traffic and failed to give Plaintiff at least one-half of the roadway forcing Plaintiff off of the road;

E. In that Defendant, Lisa M. Papianni, failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

F. In that Defendant, Lisa M. Papianni, was operating her motor vehicle at a rate of speed which was greater than that of a person of ordinary prudence under the same or similar circumstances, and/or failed to apply her brakes in a timely, effective or otherwise proper manner; and;

G. In that Defendant, Lisa M. Papianni, was operating her motor vehicle in an inattentive manner as she was not aware of Plaintiff's automobile directly adjacent to the tractor portion of her vehicle on the passenger side.

**PLAINTIFFS' CLAIMS OF NEGLIGENCE AGAINST WILEY SANDERS TRUCK LINES, INC.**

15. At the time of the collision, giving rise to the instant suit, Defendant, Lisa M. Papianni, was an employee or contractor of Defendant, Wiley Sanders Truck Lines, Inc., acting in the course and scope of her employment. As agent for Defendant, Wiley Sanders, Lisa M. Papianni's negligent acts and / or omissions may be imputed to Defendant, Wiley Sanders, due to the doctrine of respondeat superior. Defendants Papianni and her employer, Wiley Sanders, both had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16. Plaintiff's injuries were proximately caused by Defendant Lisa M. Papianni's negligent, careless and reckless disregard of said duty, as set out more fully hereinabove.

17. Furthermore, the negligent, careless and reckless disregard of duty of Defendant, Wiley Sanders, consisted of, but is not limited to, the following additional negligent acts and omissions:

A. In that Defendant, Wiley Sanders, failed to hire drivers with safe driving records;

B. In that Defendant, Wiley Sanders, failed to properly supervise its drivers regarding safety compliance, maintenance, and records keeping;

C. In that Defendant, Wiley Sanders, failed to properly train its employees regarding safe driving practices;

D. In that Defendant, Wiley Sanders, failed to adequately maintain its vehicle.

**PLAINTIFFS' CLAIMS OF NEGLIGENCE AGAINST FICTITIOUS DEFENDANTS, "A", "B", "C", "D", "E", "F"**

Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

18. Fictitious Defendants, "A", "B", "C", "D", "E", "F", are also liable under the foregoing theories.

19. Wherein, Fictitious Defendants, "A", "B", "C", "D", "E", "F", are those parties who are responsible for maintenance and repair of the vehicle owned by Defendant, Wylie Sanders, and operated by Defendant, Lisa M. Papianni, Fictitious Defendants, "A", "B", "C", "D", "E", "F", negligently maintained and/or repaired the vehicle thereby contributing and/or causing the subject accident and proximately causing Plaintiffs' injuries and damages.

**EXEMPLARY DAMAGES**

20. Defendants negligent acts or omissions described above involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

21. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

**DAMAGES**

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Jose Martinez, was caused to suffer, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Jose Martinez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Rusk County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Disfigurement in the past;

J. Disfigurement in the future;

K. Mental anguish in the past;

L. Mental anguish in the future;

M. Fear of future disease or condition; and

N. Cost of medical monitoring and prevention in the future.

23. As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, Guillermina Martinez was caused to suffer, and to incur the following damages:

A. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

B. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

C. Loss of Household Services in the past;

D. Loss of Household Services in the future;

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS, JOSE MARTINEZ AND GUILLERMINA MARTINEZ, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by applicable law, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Jeremy Coe

Jeremy Coe
Texas Bar No. 24007016

**Law Office of Jeremy Coe**
Post Office Box 1301
103 North Main Street

Henderson, Texas 75653-1301
(903) 655-7733
(903) 655-7734 facsimile

ATTORNEY FOR PLAINTIFFS JOSE MARTINEZ AND GUILLERMINA MARTINEZ

By: /s/ Benjamin H. Farrow
Benjamin H. Farrow (4752)
Alabama Bar No. ASB-4752-O74B

**The Anderson Law Firm, L.L.C.**
7515 Halcyon Pointe Drive
Montgomery, Alabama 36117
(334) 272-9880
(334) 272-2551 Facsimile
e-mail: bfarrow@theandersonlawfirm.com

Attorneys for Plaintiffs

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004037
Cashier ID: cstrecke
Transaction Date: 02/26/2008
Payer Name: ANDERSON LAW FIRM

---

CIVIL FILING FEE
For: ANDERSON LAW FIRM
Case/Party: D-ALM-2-08-CV-000137-001
Amount: $350.00

---

CHECK
Remitter: THE ANDERSON LAW FIRM
Check/Money Order Num: 5428
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

DALM208CV000137-W

MARTINEZ ETAL V WILEY SANDERS